## LINDER *v.* ADAMS & COMPANY.

Where there are mutual conflicting claims between a partnership and a third person, involving an accounting in order to reach a settlement between the parties, an agreement by the third person for one of the members of the firm to act as his agent in making the settlement, if binding at all, is certainly revocable at any time before such agreement has been executed and acted on to the detriment of the firm or any member of the same.

March 18, 1895. Brought forward from the last term. Code, §4271(a–c).

Appeal. Before Judge McWHORTER. Elbert superior court. March term, 1894.

O. C. BROWN and J. P. SHANNON, for plaintiff in error.
W. L. HODGES, *contra.*

LUMPKIN, Justice.

E. N. Adams, M. N. Adams and Amos McCurry were engaged as partners, under the name of E. N. Adams & Co., in the ginning business. They made a contract with Nixon, by which he was to furnish an engine and an engineer, and receive a portion of the proceeds of the business. When the business was about to be wound up, Linder took possession of four bales of cotton, which apparently represented the share of Nixon in these proceeds, and gave to Adams & Co. an obligation to account to them for the excess of the value of the cotton over and above Nixon's interest, whenever a settlement of the ginning business should be had. Afterwards the three partners proceeded to make a settlement, at which Nixon was not present, and thereby, as claimed by them, ascertained that the cotton which Linder had taken was worth $81.55 more than would be coming to Nixon under the settlement. They brought an action for this amount against Linder upon his obligation above mentioned. His defense was, that no settlement of the ginning business had ever been made, and therefore it had never been definitely ascertained how Nixon stood with the firm, or what his share should be.

It must not be overlooked that Linder only contracted to pay whatever might appear to be in excess of the amount due to Nixon as the result of such a settlement, and the main question at issue was : had a binding settlement been made between Adams & Co. and Nixon ? It did not appear that there had ever been such a settlement other than that made by the partners themselves in the absence of Nixon; and it affirmatively appeared that he distinctly repudiated that settlement as soon as the result of it was made known to him.   E. N. Adams testified that he had been authorized by Nixon to represent the latter in making the settlement.   The question therefore is, would the authority thus conferred be sufficient to make the settlement binding upon Nixon? If it was not, the plaintiffs' case must fail.   As the interests of Adams & Co. and Nixon were directly in conflict, it is at best exceedingly doubtful whether one of the firm could be the agent of Nixon for the purpose stated.   But granting that he could, certainly it was the right of Nixon to revoke the agency thus created at any time before the firm, or any member of it, had been in any way injured by acting upon the settlement made as above stated.   There was nothing at all in the evidence to show that Adams & Co., or any one of the partners composing that firm, had been so injured.   Nixon denied strenuously that he had ever authorized E. N. Adams to make the settlement for him; but it was within the province of the jury to believe the testimony of E. N. Adams to the contrary.   It is certain beyond dispute, however, that Nixon repudiated the settlement and refused to be bound by it as soon as he heard of it; and it would be simply outrageous to hold that he was forever estopped by an agreement to allow his adversary to act as his agent in adjusting conflicting claims between them, when the revocation of that agreement would still leave the latter in a position to make a fair

settlement in which he could receive the full benefit of every right and advantage to which he was honestly entitled.                                     *Judgment reversed.*